# U.S. District Court [LIVE]
# Western District of Texas (Austin)
# CRIMINAL DOCKET FOR CASE #: <u>1:21−mj−00325−SH</u> All Defendants

Case title: USA v. Montoya                                           Date Filed: 04/13/2021
Other court case number:  1:21−mj−365 District of Columbia

Assigned to: Judge Susan Hightower

**<u>Defendant (1)</u>**

**Samuel Christopher Montoya**

| **<u>Pending Counts</u>** | **<u>Disposition</u>** |
|---|---|
| None | |

**<u>Highest Offense Level (Opening)</u>**

None

| **<u>Terminated Counts</u>** | **<u>Disposition</u>** |
|---|---|
| None | |

**<u>Highest Offense Level (Terminated)</u>**

None

| **<u>Complaints</u>** | **<u>Disposition</u>** |
|---|---|
| 18 U.S.C. § 1752(a)(1) − Entering or Remaining in a Restricted Building − Complaint from the District of Columbia | |

**<u>Plaintiff</u>**

| **USA** | represented by | **G. Karthik Srinivasan** |
|---|---|---|
| | | US Attorney's Office − Western District of Texas |
| | | 903 San Jacinto Blvd., Suite 334 |
| | | Austin, TX 78701 |
| | | 512−370−1253 |
| | | Fax: 512−916−5854 |
| | | Email: karthik.srinivasan@usdoj.gov |
| | | *LEAD ATTORNEY* |
| | | *ATTORNEY TO BE NOTICED* |

1

| Date Filed | # | Page | Docket Text |
|---|---|---|---|
| 04/13/2021 | 1 | 3 | Arrest (Rule 5/Rule 32.1) of Samuel Christopher Montoya. (kkc) (Entered: 04/13/2021) |
| 04/14/2021 | 2 | 17 | ORDER Setting Conditions of Release. Signed by Judge Susan Hightower. (afd) (Additional attachment(s) added on 4/19/2021: # 1 Unredacted Order) (kkc). (Main Document 2 replaced on 4/19/2021) (kkc). (Entered: 04/14/2021) |
| 04/14/2021 | 3 | 25 | Minute Entry for proceedings held before Judge Susan Hightower: Initial Appearance in Rule 5(c)(3)/ Rule 32.1 Proceedings as to Samuel Christopher Montoya held on 4/14/2021 (Minute entry documents are not available electronically.) (Court Reporter Zoom.) (kkc) (Entered: 04/15/2021) |
| 04/15/2021 | 4 | 27 | NOTICE OF HEARING as to Samuel Christopher Montoya: Preliminary Hearing by video set for 5/5/2021 at 2:00 PM before Judge Mark Lane. (kkc) (Entered: 04/15/2021) |
| 04/15/2021 | 5 | 29 | ORDER as to Samuel Christopher Montoya: Preliminary Hearing by video reset for 5/5/2021 at 2:00 PM before Judge Susan Hightower. Signed by Judge Susan Hightower. (kkc) (Entered: 04/15/2021) |
| 04/30/2021 | 6 | 30 | MOTION to Vacate *All Settings and Transfer Case* by USA as to Samuel Christopher Montoya. (Attachments: # 1 Exhibit Information)(Srinivasan, G.) (Entered: 04/30/2021) |
| 04/30/2021 | 7 | 36 | ORDER GRANTING 6 Motion to Vacate as to Samuel Christopher Montoya (1). Signed by Judge Susan Hightower. (jf) (Entered: 05/03/2021) |

AO 91 (Rev. 11/11)   Criminal Complaint

# UNITED STATES DISTRICT COURT

for the

District of Columbia

| | |
|---|---|
| United States of America | ) |
| v. | ) Case: 1:21−mj−00365 |
| | ) Assigned To : Faruqui, Zia M. |
| Samuel Christopher Montoya | ) Assign. Date : 4/8/2021 |
| DOB: 05/08/1985 | ) Description: COMPLAINT W/ ARREST WARRANT |
| | ) |
| | ) |
| *Defendant(s)* | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of _____January 6, 2021_____ in the county of _____ in the _____ in the District of _____Columbia_____ , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 1752(a)(1) - Entering or Remaining in a Restricted Building; |
| 18 U.S.C. § 1752(a)(2) - Disorderly and Disruptive Conduct in a Restricted Building; |
| 40 U.S.C. § 5104(e)(2)(D) - Violent Entry and Disorderly Conduct in a Capitol Building; |
| 40 U.S.C. § 5104(e)(2)(E) - Impeding Passage Through the Capitol Grounds or Buildings; |
| 40 U.S.C. § 5104(e)(2)(G) - Parading, Demonstrating, or Picketing in a Capitol Building |

This criminal complaint is based on these facts:

See attached statement of facts.

☒ Continued on the attached sheet.

_Jessica Stone_

*Complainant's signature*

Jessica L. Stone, Special Agent

*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone.

2021.04.08
21:17:08 -04'00'

Date: _____04/08/2021_____

*Judge's signature*

City and state: _____Washington, D.C._____   Zia M. Faruqui, U.S. Magistrate Judge

*Printed name and title*

3

Case: 1:21−mj−00365
Assigned To : Faruqui, Zia M.
Assign. Date : 4/8/2021
Description: COMPLAINT W/ ARREST WARRANT

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **MAGISTRATE NO.** |
| | : | |
| **v.** | : | **VIOLATIONS:** |
| | : | |
| **SAMUEL CHRISTOPHER MONTOYA,** | : | **18 U.S.C. § 1752(a)(1)** |
| | : | **(Entering and Remaining in a Restricted** |
| **Defendant.** | : | **Building)** |
| | : | |
| | : | **18 U.S.C. § 1752(a)(2)** |
| | : | **(Disorderly and Disruptive Conduct in a** |
| | : | **Restricted Building)** |
| | : | |
| | : | **40 U.S.C. § 5104(e)(2)(D)** |
| | : | **(Violent Entry and Disorderly Conduct in a** |
| | : | **Capitol Building)** |
| | : | |
| | : | **40 U.S.C. § 5104(e)(2)(E)** |
| | : | **(Impeding Passage Through the Capitol** |
| | : | **Grounds or Buildings)** |
| | : | |
| | : | **40 U.S.C. § 5104(e)(2)(G)** |
| | : | **(Parading, Demonstrating, or Picketing in a** |
| | : | **Capitol Building)** |

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT
## AND ARREST WARRANT

Your affiant, Jessica L. Stone, is a Special Agent with the Federal Bureau of Investigation

(FBI) assigned to the San Antonio Field Office (SAFO), Counterterrorism Division. Currently, I

am tasked with investigating criminal activity in and around the Capitol grounds on January 6,

2021. As a Special Agent, I am authorized by law or by a Government agency to engage in or

supervise the prevention, detention, investigation, or prosecution of a violation of Federal criminal

laws.

1

4

The U.S. Capitol is secured 24 hours a day by U.S. Capitol Police. Restrictions around the U.S. Capitol include permanent and temporary security barriers and posts manned by U.S. Capitol Police. Only authorized people with appropriate identification were allowed access inside the U.S. Capitol. On January 6, 2021, the exterior plaza of the U.S. Capitol was also closed to members of the public.

On January 6, 2021, a joint session of the United States Congress convened at the United States Capitol, which is located at First Street, SE, in Washington, D.C. During the joint session, elected members of the United States House of Representatives and the United States Senate were meeting in separate chambers of the United States Capitol to certify the vote count of the Electoral College of the 2020 Presidential Election, which had taken place on November 3, 2020. The joint session began at approximately 1:00 p.m. Shortly thereafter, by approximately 1:30 p.m., the House and Senate adjourned to separate chambers to resolve a particular objection.  Vice President Mike Pence was present and presiding, first in the joint session, and then in the Senate chamber.

As the proceedings continued in both the House and the Senate, and with Vice President Mike Pence present and presiding over the Senate, a large crowd gathered outside the U.S. Capitol. As noted above, temporary and permanent barricades were in place around the exterior of the U.S. Capitol building, and U.S. Capitol Police were present and attempting to keep the crowd away from the Capitol building and the proceedings underway inside.

At such time, the certification proceedings were still underway and the exterior doors and windows of the U.S. Capitol were locked or otherwise secured. Members of the U.S. Capitol Police attempted to maintain order and keep the crowd from entering the Capitol; however, shortly around 2:00 p.m., individuals in the crowd forced entry into the U.S. Capitol, including by breaking

windows and by assaulting members of the U.S. Capitol Police, as others in the crowd encouraged and assisted those acts.

Shortly thereafter, at approximately 2:20 p.m. members of the United States House of Representatives and United States Senate, including the President of the Senate, Vice President Mike Pence, were instructed to—and did—evacuate the chambers. Accordingly, the joint session of the United States Congress was effectively suspended until shortly after 8:00 p.m. Vice President Pence remained in the United States Capitol from the time he was evacuated from the Senate Chamber until the sessions resumed.

During national news coverage of the aforementioned events, video footage which appeared to be captured on mobile devices of persons present on the scene depicted evidence of violations of local and federal law, including scores of individuals inside the U.S. Capitol building without authority to be there.

On January 11, 2021, the FBI received a tip to the National Threat Operations Center from W-1, a family member of Samuel Christopher Montoya.  W-1 reported that W-1 had proof that Montoya was physically inside the U.S. Capitol near the shooting of a woman on January 6, 2021. FBI agents interviewed W-1 on January 17, 2021 to follow up on the tip received.  W-1 stated that Montoya worked for Infowars and that Montoya showed a video of himself walking through the Capitol and captured footage of the death of Ashli Babbitt.  W-1 reported that Montoya showed the video to family members who all recognized Montoya as being the one in the video and having taken the video.  On February 24, 2021, W-1 was shown a still shot of the narrator's face, from when he turns the camera on himself in the 44-minute video described below; W-1 commented that it was an "old picture of him" and positively identified the image as Montoya.

3

Your affiant has reviewed an open-source video posted on January 6, 2021, entitled "Patriots Storm Congress Raw Footage Includes Execution of Ashli Babbitt."[1]  The approximately 44-minute video is embedded with the tag "THERESISTANCE.VIDEO" and the narrator identifies himself as "Sam with Infowars.com."  The video captures "Sam" going from the Capitol grounds into the Capitol Building along with crowds of protesters on January 6, 2021, at one point turning the camera on himself and exclaiming, "It feels good to be in the Capitol baby!"   A screenshot of that moment is depicted below:



The narrator "Sam" was wearing a tan jacket, red "Make America Great Again" baseball cap, and black backpack.  Your affiant has observed that "Sam" matches the appearance of Montoya on his driver's license.

The 44-minute video captures Montoya's movements outside and then inside the Capitol Building until he arrives by the doors outside the Speaker's Lobby, where it depicts the shooting of the woman publicly identified as Ashli Babbitt.  Screenshots of the 44-minute video are below:

---

[1] The video is available at https://cantcensortruth.com/watch?id=5ff6857e00bac0328da8e888.









During the video, Montoya makes the following statements:

- 9:55 – "We're gonna crawl, we're gonna climb. We're gonna do whatever it takes, we're gonna do whatever it takes to MAGA. Here we go, y'all. Here we go, y'all. Look at this, look at this. I don't even know what's going on right now. I don't wanna get shot, I'll be honest, but I don't wanna lose my country. And that's more important to me than—than getting shot."

- 11:04 – "We have had enough!  We're not gonna take your fucking vaccines! We're not gonna take all your bullshit! The people are rising up! Folks, I am now on the steps of the Capitol. Here we go! Here we go! Having a good time!"

- 12:55 – "We are in the Capitol, baby! Yeah!"

- 15:40 – "We're all being a little bit too rowdy for sure."

- 16:07 – "Here we are in the US Capitol in Washington DC in the Capitol building, it has officially been stormed by Trump supporters. Again, the US Capitol building in Washington DC has officially been stormed by Trump supporters. And here we are, taking our—the people's house back!"

- 17:38 – "I'm sure these officers are scared, but we're here, we're here to just show that we've had enough. We've had enough."

- 34:05 – "We don't hurt innocent people; we don't tear down statues! We don't tear down

6

statues! We take our house back! We take the people's house back!"

At times during the video, Montoya describes himself to others inside the Capitol Building as a "reporter" or "journalist" as he attempts to get through crowds.  The director of the Congressional press galleries within the Senate Press office did a name check on Samuel Christopher Montoya and confirmed that no one by that name has Congressional press credentials as an individual or via any other organizations.

Your affiant has also reviewed several interviews with Montoya on the Infowars show "War Room with Owen Shroyer" regarding the events at the U.S. Capitol.  On January 8, 2021, Shroyer interviewed Montoya in a video titled "EYE WITNESS ACCOUNT OF ASHLI BABBITT'S EXECUTION"[2]  Montoya - who is credited as "Sam," and a "Video Editor" at "Infowarsstore.com" – describes to Shroyer hearing the gunshot and his recollections of the scene of the shooting.  His "exclusive" footage that is played features his same voice narrating as in the 44-minute video, and appears to depict activity by the Speaker's Lobby sometime after the conclusion of his 44-minute video.  Screenshots from the January 8 interview and Montoya's footage that was played during the interview are below:

---

[2] The video is available at https://banned.video/watch?id=5ff915155e209037e6bf0529.





On January 11, 2021, Shroyer interviewed Montoya, who was again credited as "Sam,"

"Video Editor," and "Infowarsstore.com," and appeared to be wearing the same tan jacket he had

8

been wearing at the U.S. Capitol.   During the interview, Montoya spoke about his firsthand observations of "agitators" inside the Capitol Building.[3]   Shroyer noted that "Sam shot hours of footage that day and he's still going through it."   Montoya stated, among other things, "I was there. I was there on the outside.  I was there on the inside."   A screenshot from the January 11 interview is below:



On January 12, 2021, Shroyer interviewed Montoya a third time.  Montoya, again credited as "Sam," "Video Editor," and "Infowarsstore.com," described observations he made about possible "agitators" inside the Capitol Building based on his review of open-source video footage.[4]

---

[3] The video is available at https://banned.video/watch?id=5ffcf430b368a63bf88c883a.
[4] The video is available at https://banned.video/watch?id=5ffe4b8f0d763c3dca0e2895.



Your affiant has also reviewed U.S. Capitol Police surveillance that captures Montoya at various locations inside the Capitol Building.  The footage is consistent with locations depicted from Montoya's perspective on his 44-minute video.  The footage shows Montoya wearing the tan jacket, red "Make America Great Again" baseball cap, and black backpack from his 44-minute video.  Screenshots from the U.S. Capitol Police footage are below:



10



Based on the foregoing, your affiant submits that there is probable cause to believe that Samuel Christopher Montoya violated 18 U.S.C. § 1752(a)(1) and (2), which makes it a crime to (1) knowingly enter or remain in any restricted building or grounds without lawful authority to do so; and (2) knowingly, and with intent to impede or disrupt the orderly conduct of Government business or official functions, engage in disorderly or disruptive conduct in, or within such proximity to, any restricted building or grounds when, or so that, such conduct, in fact, impedes or disrupts the orderly conduct of Government business or official functions. For purposes of Section 1752 of Title 18, a "restricted building" includes a posted, cordoned off, or otherwise restricted area of a building or grounds where the President or other person protected by the Secret Service, including the Vice President, is or will be temporarily visiting; or any building or grounds so restricted in conjunction with an event designated as a special event of national significance.

Your affiant submits there is also probable cause to believe that Samuel Christopher Montoya violated 40 U.S.C. § 5104(e)(2)(D), (E), and (G), which make it a crime to willfully and knowingly (D) utter loud, threatening, or abusive language, or engage in disorderly or disruptive

conduct, at any place in the Grounds or in any of the Capitol Buildings with the intent to impede, disrupt, or disturb the orderly conduct of a session of Congress or either House of Congress, or the orderly conduct in that building of a hearing before, or any deliberations of, a committee of Congress or either House of Congress; (E) obstruct, or impede passage through or within, the Grounds or any of the Capitol Buildings; and (G) parade, demonstrate, or picket in any of the Capitol Buildings.

_____
SPECIAL AGENT JESSICA L. STONE
FEDERAL BUREAU OF INVESTIGATION

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1
by telephone, this 8th day of April, 2021.

2021.04.08
21:18:15 -04'00'
_____
ZIA M. FARUQUI
UNITED STATES MAGISTRATE JUDGE

AO 442 (Rev. 11/11) Arrest Warrant

# UNITED STATES DISTRICT COURT

for the

District of Columbia

| | |
|---|---|
| United States of America<br>v.<br>Samuel Christopher Montoya  (AKA: Unknown ) | )<br>)<br>)<br>)<br>)<br>) |

Case: 1:21-mj-00365
Assigned To : Faruqui, Zia M.
Assign. Date : 4/8/2021
Description: COMPLAINT W/ ARREST WARRANT

*Defendant*

## ARREST WARRANT

To:      Any authorized law enforcement officer

**YOU ARE COMMANDED** to arrest and bring before a United States magistrate judge without unnecessary delay
*(name of person to be arrested)*                              Samuel Christopher Montoya                              ,
who is accused of an offense or violation based on the following document filed with the court:

❏ Indictment        ❏ Superseding Indictment        ❏ Information        ❏ Superseding Information        ☒ Complaint
❏ Probation Violation Petition        ❏ Supervised Release Violation Petition        ❏ Violation Notice        ❏ Order of the Court

This offense is briefly described as follows:

18 U.S.C. § 1752(a)(1) - Entering or Remaining in a Restricted Building;
18 U.S.C. § 1752(a)(2) - Disorderly and Disruptive Conduct in a Restricted Building;
40 U.S.C. § 5104(e)(2)(D) - Violent Entry and Disorderly Conduct in a Capitol Building;
40 U.S.C. § 5104(e)(2)(E) - Impeding Passage Through the Capitol Grounds or Buildings;
40 U.S.C. § 5104(e)(2)(G) - Parading, Demonstrating, or Picketing in a Capitol Building

Date:      04/08/2021

2021.04.08 21:16:06
-04'00'

*Issuing officer's signature*

City and state:              Washington, D.C.              Zia M. Faruqui, U.S. Magistrate Judge

*Printed name and title*

| Return |
|---|
| This warrant was received on *(date)* _____ , and the person was arrested on *(date)* _____<br>at *(city and state)* _____ .<br><br>Date: _____                    _____<br>                                                              *Arresting officer's signature*<br><br>                                                              _____<br>                                                              *Printed name and title* |

AO 199A (Rev. 06/19)  Order Setting Conditions of Release                                                      Page 1 of ___4___ Pages

# UNITED STATES DISTRICT COURT
### for the
Western District of Texas

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | |
| Samuel Christopher Montoya | ) | Case No.   A-21-MJ-325-1 |
| | ) | |
| _Defendant_ | ) | |

## ORDER SETTING CONDITIONS OF RELEASE

IT IS ORDERED that the defendant's release is subject to these conditions:

(1)  The defendant must not violate federal, state, or local law while on release.

(2)  The defendant must cooperate in the collection of a DNA sample if it is authorized by 34 U.S.C. § 40702.

(3)  The defendant must advise the court or the pretrial services office or supervising officer in writing before making any change of residence or telephone number.

(4)  The defendant must appear in court as required and, if convicted, must surrender as directed to serve a sentence that the court may impose.

   The defendant must appear at:   US District Court for the District of Columbia 333 Constitution Ave NW WDC
   _____
                                                                    _Place_

   on   _____ as directed _____
                                                                    _Date and Time_

   If blank, defendant will be notified of next appearance.

(5)  The defendant must sign an Appearance Bond, if ordered.

## ADDITIONAL CONDITIONS OF RELEASE

Pursuant to 18 U.S.C. § 3142(c)(1)(B), the court may impose the following least restrictive condition(s) only as necessary to reasonably assure the appearance of the person as required and the safety of any other person and the community.

IT IS FURTHER ORDERED that the defendant's release is subject to the conditions marked below:

( ✓ ) (6)  The defendant is placed in the custody of:

Person or organization    the defendant's father, Sam Montoya

Address *(only if above is an organization)*    ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

City and state    ▮▮▮▮▮▮▮▮    Tel. No.    ▮▮▮▮▮▮▮

who agrees to (a) supervise the defendant, (b) use every effort to assure the defendant's appearance at all court proceedings, and (c) notify the court immediately if the defendant violates a condition of release or is no longer in the custodian's custody.

Signed: _Sam Montoya_    4/16/21

Custodian    Date

( ✓ ) (7)  The defendant must:

( ✓ ) (a)  submit to supervision by and report for supervision to the    U.S. Pretrial Services Office    ,

telephone number    512-916-5297    , no later than    as directed

( ✓ ) (b)  continue or actively seek employment.

( ) (c)  continue or start an education program.

( ✓ ) (d)  surrender any passport to:    U.S. Pretrial Services Office

( ✓ ) (e)  not obtain a passport or other international travel document.

( ✓ ) (f)  abide by the following restrictions on personal association, residence, or travel:    travel restricted to the county of residence and surrounding counties, unless o herwise approved by the Court or U.S. Pretrial Services. No travel to DC except for Court related matters, No foreign travel

( ✓ ) (g)  avoid all contact, directly or indirectly, with any person who is or may be a victim or witness in the investigation or prosecution, including:    anyone present on January 6, 2021, at the U.S. Capital

( ) (h)  get medical or psychiatric treatment:

( ) (i)  return to custody each _____ at _____ o'clock after being released at _____ o'clock for employment, schooling, or the following purposes:

( ) (j)  maintain residence at a halfway house or community corrections center, as the pretrial services office or supervising officer considers necessary.

( ✓ ) (k)  not possess a firearm, destructive device, or other weapon.

( ✓ ) (l)  not use alcohol ( ✓ ) at all ( ) excessively.

( ✓ ) (m)  not use or unlawfully possess a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner.

( ✓ ) (n)  submit to testing for a prohibited substance if required by the pretrial services office or supervising officer. Testing may be used with random frequency and may include urine testing, the wearing of a sweat patch, a remote alcohol testing system, and/or any form of prohibited substance screening or testing. The defendant must not obstruct, attempt to obstruct, or tamper with the efficiency and accuracy of prohibited substance screening or testing.

( ✓ ) (o)  participate in a program of inpatient or outpatient substance abuse therapy and counseling if directed by the pretrial services office or supervising officer.

( ) (p)  participate in one of the following location restriction programs and comply with its requirements as directed.

( ) (i)  **Curfew.** You are restricted to your residence every day ( ) from _____ to _____ , or ( ) as directed by the pretrial services office or supervising officer; or

( ) (ii)  **Home Detention.** You are restricted to your residence at all times except for employment; education; religious services; medical, substance abuse, or mental health treatment; attorney visits; court appearances; court-ordered obligations; or other activities approved in advance by the pretrial services office or supervising officer; or

( ) (iii)  **Home Incarceration.** You are restricted to 24-hour-a-day lock-down at your residence except for medical necessities and court appearances or other activities specifically approved by the court; or

( ) (iv)  **Stand Alone Monitoring.** You have no residential curfew, home detention, or home incarceration restrictions. However, you must comply with the location or travel restrictions as imposed by the court.

**Note:** Stand Alone Monitoring should be used in conjunction with global positioning system (GPS) technology.

( ) (q)  submit to the following location monitoring technology and comply with its requirements as directed:

## ADDITIONAL CONDITIONS OF RELEASE

( ☐ ) (i)   Location monitoring technology as directed by the pretrial services or supervising officer; or
( ☐ ) (ii)   Voice Recognition; or
( ☐ ) (iii)   Radio Frequency; or
( ☐ ) (iv)   GPS.

( ☐ ) (r)   pay all or part of the cost of location monitoring based upon your ability to pay as determined by the pretrial services or supervising officer.

( ☑ ) (s)   report as soon as possible, to the pretrial services or supervising officer, every contact with law enforcement personnel, including arrests, questioning, or traffic stops.

( ☑ ) (t)   The defendant is ordered to appear for processing by the United States Marshal's Service at their office on the 3rd floor of the U.S. Courthouse in Austin, Texas WITHIN FIVE (5) DAYS of the defendant's release from custody.

AO 199C  (Rev. 09/08)  Advice of Penalties                                                Page ___4___ of ___4___ Pages

## ADVICE OF PENALTIES AND SANCTIONS

TO THE DEFENDANT:

YOU ARE ADVISED OF THE FOLLOWING PENALTIES AND SANCTIONS:

Violating any of the foregoing conditions of release may result in the immediate issuance of a warrant for your arrest, a revocation of your release, an order of detention, a forfeiture of any bond, and a prosecution for contempt of court and could result in imprisonment, a fine, or both.

While on release, if you commit a federal felony offense the punishment is an additional prison term of not more than ten years and for a federal misdemeanor offense the punishment is an additional prison term of not more than one year. This sentence will be consecutive (*i.e.*, in addition to) to any other sentence you receive.

It is a crime punishable by up to ten years in prison, and a $250,000 fine, or both, to: obstruct a criminal investigation; tamper with a witness, victim, or informant; retaliate or attempt to retaliate against a witness, victim, or informant; or intimidate or attempt to intimidate a witness, victim, juror, informant, or officer of the court. The penalties for tampering, retaliation, or intimidation are significantly more serious if they involve a killing or attempted killing.

If, after release, you knowingly fail to appear as the conditions of release require, or to surrender to serve a sentence, you may be prosecuted for failing to appear or surrender and additional punishment may be imposed. If you are convicted of:
  (1) an offense punishable by death, life imprisonment, or imprisonment for a term of fifteen years or more – you will be fined not more than $250,000 or imprisoned for not more than 10 years, or both;
  (2) an offense punishable by imprisonment for a term of five years or more, but less than fifteen years – you will be fined not more than $250,000 or imprisoned for not more than five years, or both;
  (3) any other felony –  you will be fined not more than $250,000 or imprisoned not more than two years, or both;
  (4) a misdemeanor –  you will be fined not more than $100,000 or imprisoned not more than one year, or both.

A term of imprisonment imposed for failure to appear or surrender will be consecutive to any other sentence you receive. In addition, a failure to appear or surrender may result in the forfeiture of any bond posted.

### Acknowledgment of the Defendant

I acknowledge that I am the defendant in this case and that I am aware of the conditions of release. I promise to obey all conditions of release, to appear as directed, and surrender to serve any sentence imposed. I am aware of the penalties and sanctions set forth above.

_____
*Defendant's Signature*

_____
*City and State*

### Directions to the United States Marshal

( ✓ ) The defendant is ORDERED released.
( ☐ ) The United States marshal is ORDERED to keep the defendant in custody until notified by the clerk or judge that the defendant has posted bond and/or complied with all other conditions for release. If still in custody, the defendant must be produced before the appropriate judge at the time and place specified.

Date: _____4/14/2021_____

_____
*Judicial Officer's Signature*

U.S. Magistrate Judge Susan Hightower
_____
*Printed name and title*

DISTRIBUTION:   COURT     DEFENDANT     PRETRIAL SERVICE     U.S. ATTORNEY     U.S. MARSHAL

| Print | Save As... | | Reset |

AO 199A (Rev. 06/19)  Order Setting Conditions of Release

Page 1 of ___4___ Pages

# UNITED STATES DISTRICT COURT

for the

Western District of Texas

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | |
| Samuel Christopher Montoya | ) | Case No.  A-21-MJ-325-1 |
| | ) | |
| _____ | ) | |
| *Defendant* | | |

## ORDER SETTING CONDITIONS OF RELEASE

IT IS ORDERED that the defendant's release is subject to these conditions:

(1)  The defendant must not violate federal, state, or local law while on release.

(2)  The defendant must cooperate in the collection of a DNA sample if it is authorized by 34 U.S.C. § 40702.

(3)  The defendant must advise the court or the pretrial services office or supervising officer in writing before making any change of residence or telephone number.

(4)  The defendant must appear in court as required and, if convicted, must surrender as directed to serve a sentence that the court may impose.

The defendant must appear at:  US District Court for the District of Columbia 333 Constitution Ave NW WDC

*Place*

on  as directed

*Date and Time*

If blank, defendant will be notified of next appearance.

(5)  The defendant must sign an Appearance Bond, if ordered.

Print     Save As...     Reset

21

## ADDITIONAL CONDITIONS OF RELEASE

Pursuant to 18 U.S.C. § 3142(c)(1)(B), the court may impose the following least restrictive condition(s) only as necessary to reasonably assure the appearance of the person as required and the safety of any other person and the community.

IT IS FURTHER ORDERED that the defendant's release is subject to the conditions marked below:

( ✔ )  (6)  The defendant is placed in the custody of:

Person or organization    the defendant's father, Sam Montoya

Address *(only if above is an organization)*    609 Columbia Avenue, San Marcos, Texas

City and state   San Marcos, Texas                    Tel. No. 512-787-4475

who agrees to (a) supervise the defendant, (b) use every effort to assure the defendant's appearance at all court proceedings, and (c) notify the court immediately if the defendant violates a condition of release or is no longer in the custodian's custody.

Signed: _Sam Montoya_                4/16/21

*Custodian*                      *Date*

( ✔ )  (7)  The defendant must:

( ✔ )  (a)  submit to supervision by and report for supervision to the   U.S. Pretrial Services Office   ,
telephone number   512-916-5297   , no later than   as directed   .

( ✔ )  (b)  continue or actively seek employment.

(  )  (c)  continue or start an education program.

( ✔ )  (d)  surrender any passport to:   U.S. Pretrial Services Office

( ✔ )  (e)  not obtain a passport or other international travel document.

( ✔ )  (f)  abide by the following restrictions on personal association, residence, or travel:   travel restricted to the county of residence and surrounding counties, unless otherwise approved by the Court or U.S. Pretrial Services. No travel to DC except for Court related matters, No foreign travel

( ✔ )  (g)  avoid all contact, directly or indirectly, with any person who is or may be a victim or witness in the investigation or prosecution, including:   anyone present on January 6, 2021, at the U.S. Capital

(  )  (h)  get medical or psychiatric treatment: _____

(  )  (i)  return to custody each _____ at _____ o'clock after being released at _____ o'clock for employment, schooling, or the following purposes: _____

(  )  (j)  maintain residence at a halfway house or community corrections center, as the pretrial services office or supervising officer considers necessary.

( ✔ )  (k)  not possess a firearm, destructive device, or other weapon.

( ✔ )  (l)  not use alcohol ( ✔ ) at all ( ☐ ) excessively.

( ✔ )  (m)  not use or unlawfully possess a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner.

( ✔ )  (n)  submit to testing for a prohibited substance if required by the pretrial services office or supervising officer.  Testing may be used with random frequency and may include urine testing, the wearing of a sweat patch, a remote alcohol testing system, and/or any form of prohibited substance screening or testing.  The defendant must not obstruct, attempt to obstruct, or tamper with the efficiency and accuracy of prohibited substance screening or testing.

( ✔ )  (o)  participate in a program of inpatient or outpatient substance abuse therapy and counseling if directed by the pretrial services office or supervising officer.

(  )  (p)  participate in one of the following location restriction programs and comply with its requirements as directed.

(  )  (i)  **Curfew.** You are restricted to your residence every day ( ☐ ) from _____ to _____ , or ( ☐ ) as directed by the pretrial services office or supervising officer; or

(  )  (ii)  **Home Detention.** You are restricted to your residence at all times except for employment; education; religious services; medical, substance abuse, or mental health treatment; attorney visits; court appearances; court-ordered obligations; or other activities approved in advance by the pretrial services office or supervising officer; or

(  )  (iii)  **Home Incarceration.** You are restricted to 24-hour-a-day lock-down at your residence except for medical necessities and court appearances or other activities specifically approved by the court; or

(  )  (iv)  **Stand Alone Monitoring.** You have no residential curfew, home detention, or home incarceration restrictions.  However, you must comply with the location and travel restrictions as imposed by the court.
**Note:** Stand Alone Monitoring should be used in conjunction with global positioning system (GPS) technology.

(  )  (q)  submit to the following location monitoring technology and comply with its requirements as directed:

## ADDITIONAL CONDITIONS OF RELEASE

( ☐ ) (i)   Location monitoring technology as directed by the pretrial services or supervising officer; or
( ☐ ) (ii)  Voice Recognition; or
( ☐ ) (iii)  Radio Frequency; or
( ☐ ) (iv)  GPS.

( ☐ ) (r)  pay all or part of the cost of location monitoring based upon your ability to pay as determined by the pretrial services or supervising officer.

( ✔ ) (s)  report as soon as possible, to the pretrial services or supervising officer, every contact with law enforcement personnel, including arrests, questioning, or traffic stops.

( ✔ ) (t)  The defendant is ordered to appear for processing by the United States Marshal's Service at their office on the 3rd floor of the U.S. Courthouse in Austin, Texas WITHIN FIVE (5) DAYS of the defendant's release from custody.

AO 199C  (Rev. 09/08)  Advice of Penalties

## ADVICE OF PENALTIES AND SANCTIONS

TO THE DEFENDANT:

YOU ARE ADVISED OF THE FOLLOWING PENALTIES AND SANCTIONS:

Violating any of the foregoing conditions of release may result in the immediate issuance of a warrant for your arrest, a revocation of your release, an order of detention, a forfeiture of any bond, and a prosecution for contempt of court and could result in imprisonment, a fine, or both.

While on release, if you commit a federal felony offense the punishment is an additional prison term of not more than ten years and for a federal misdemeanor offense the punishment is an additional prison term of not more than one year.  This sentence will be consecutive (*i.e.*, in addition to) to any other sentence you receive.

It is a crime punishable by up to ten years in prison, and a $250,000 fine, or both, to: obstruct a criminal investigation; tamper with a witness, victim, or informant; retaliate or attempt to retaliate against a witness, victim, or informant; or intimidate or attempt to intimidate a witness, victim, juror, informant, or officer of the court.  The penalties for tampering, retaliation, or intimidation are significantly more serious if they involve a killing or attempted killing.

If, after release, you knowingly fail to appear as the conditions of release require, or to surrender to serve a sentence, you may be prosecuted for failing to appear or surrender and additional punishment may be imposed.  If you are convicted of:

(1) an offense punishable by death, life imprisonment, or imprisonment for a term of fifteen years or more – you will be fined not more than $250,000 or imprisoned for not more than 10 years, or both;

(2) an offense punishable by imprisonment for a term of five years or more, but less than fifteen years – you will be fined not more than $250,000 or imprisoned for not more than five years, or both;

(3) any other felony –  you will be fined not more than $250,000 or imprisoned not more than two years, or both;

(4) a misdemeanor –  you will be fined not more than $100,000 or imprisoned not more than one year, or both.

A term of imprisonment imposed for failure to appear or surrender will be consecutive to any other sentence you receive.  In addition, a failure to appear or surrender may result in the forfeiture of any bond posted.

## Acknowledgment of the Defendant

I acknowledge that I am the defendant in this case and that I am aware of the conditions of release.  I promise to obey all conditions of release, to appear as directed, and surrender to serve any sentence imposed.  I am aware of the penalties and sanctions set forth above.

_____
*Defendant's Signature*

_____
*City and State*

## Directions to the United States Marshal

( ✔ ) The defendant is ORDERED released.

( ☐ ) The United States marshal is ORDERED to keep the defendant in custody until notified by the clerk or judge that the defendant has posted bond and/or complied with all other conditions for release.  If still in custody, the defendant must be produced before the appropriate judge at the time and place specified.

Date: _____4/14/2021_____

_____
*Judicial Officer's Signature*

U.S. Magistrate Judge Susan Hightower
_____
*Printed name and title*

DISTRIBUTION:    COURT      DEFENDANT      PRETRIAL SERVICE      U.S. ATTORNEY      U.S. MARSHAL

Print      Save As...      Reset

24

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
### AUSTIN DIVISION

| United States of America | Criminal No.: **AU:21-M -00325(1)** |
|---|---|
| v. | Date Appeared:  April 14, 2021 |
| (1) Samuel Christopher Montoya | Time:  1:33 - 2:04 PM (31 minutes) |
| *Defendant* | |

# INITIAL APPEARANCE by Video (Zoom)

1. Complaint Filed

   <u>April 8, 2021</u>
   *Date*

   Warrant Issued: <u>April 8, 2021</u>
   *Date*

   Arrested

   <u>April 13, 2021</u>
   *Date*

   Agency: <u>USMS</u>
   *Agency*

2. COURT PERSONNEL:

   U.S. Magistrate Judge: SUSAN HIGHTOWER
   Courtroom Deputy: James Ferrell
   Pretrial Officer: Linda Cano
   Interpreter: N/A

3. APPEARANCES:

   AUSA: N/A
   DEFT ATTY: N/A

4. PROCEEDINGS:

   | | | Gender | Male |
   |---|---|---|---|
   | a. | Age          Education | | |
   | b. | Defendant understands proceedings and is mentally competent. | | Y |
   | c. | Defendant is informed of constitutional rights. | | Y |
   | d. | Defendant understands charges. | | Y |
   | e. | If charged on complaint, Defendant informed of right to Preliminary Hearing. | | Y |
   | f. | Defendant informed of right to legal counsel. | | Y |

           _____  1)   Defendant waives counsel.
           \_\_X\_\_  2)   Defendant intends to retain counsel.
           _____  3)   Defendant has retained counsel: _____
                           Phone No.: _____
           _____  4)   Defendant requests appointment of counsel.
                       _____   Defendant HAS NOT completed the CJA23 financial affidavit.
                                 _____   Court will appoint counsel in the interest of justice based on defendant's verbal accounting of current financial status.

                       _____   Defendant HAS completed the CJA23 financial affidavit and the Court will appoint counsel because:
                                 _____   The defendant is indigent at this time.
                                 _____   Even though the defendant is not indigent, counsel will be appointed in the interests of justice.
                   _____   The Court finds that the defendant is NOT eligible and denies request.

PROCEEDING MEMO - INITIAL APPEARANCE
In Re:  (1) Samuel Christopher Montoya
Page 2 of 2 Pages

g.　　PRE-TRIAL RELEASE:

___　1)　The Government makes 　☐ oral 　or 　☐ written motion for detention under 18 USC 3142.
　　　　　Court sets detention  hearing for _____

___　2)　The Court sua sponte moves for detention.  The detention hearing is set for _____
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　at _____

X　3)　The Defendant 　☒ is released 　☐ will be released on the following conditions:
　　　　　Bond is set at $ _____

**(Check the following that apply:)**

_____ unsecured　　　　　　　　　_____ unsecured with 10% posted to the registry
_____ cash or corporate　　　　　_____ additional sureties
_____ 3rd party custodian　　　　　X as set forth in Order Setting Conditions of Release

h.　　Temporary Detention issued 　　　　　Preliminary Hearing set for 　　　Wednesday, May 5 at 2pm
　　　　_____　　　　　　　　　　　　　　　　　　before Judge Lane

i.　　REMOVAL PROCEEDINGS:
　　　The Defendant is advised of Rule 20 and Rule 5 rights and ....

___　1)　The Defendant waives Rule 5(c)(3)(D)(ii) and is detained pending removal to the
　　　　_____.  Detention hearing is to be held in that district.

___　2)　The Defendant waives Rule 5 and is released on bond.  The Defendant is ordered to appear in the
　　　　_____ on _____
　　　　or ☐ when notified by the prosecuting district.

___　3)　The Defendant is 　☐ detained 　☐ released on bond and requests Rule 5(c)(3) hearing.  The
　　　　Court sets hearing for _____

j.　　Other: 　Oral consent to proceed by videoconference.  **Identity Hearing Orally Waived.**

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
### AUSTIN DIVISION

USA

v.                                                    Case Number:  AU:21-M -00325(1)

(1) Samuel Christopher Montoya
    *Defendant*

Dear Sir or Madam:

TAKE NOTICE that the above-entitled case has been set before:

**UNITED STATES MAGISTRATE JUDGE MARK LANE**,

at the **U.S. Courthouse, 501 West Fifth Street Austin, Texas Courtroom #8**, for the following:

**PRELIMINARY HEARING BY VIDEO**

on **Wednesday, May 05, 2021** at **2:00 PM**

EVERYONE to whom this notice is addressed (except those to whom copies are sent for information only) must appear IN PERSON unless excused from appearing by the Court.

ATTORNEYS are reminded that it is their duty to advise clients, witnesses, and others concerning rules of decorum to be observed in Court.  (Local Court Rule AT-5(b)(12)).

WHENEVER defendants or witnesses in a criminal case have need for the services of a court interpreter, the attorney must inform the Clerk not later than five (5) business days before the scheduled Court proceeding.

If defendant chooses to waive hearing, a written waiver (see attached) must be signed by defendant and his/her counsel and filed by 4:00 p.m. the day before scheduled hearing.

Date Issued:  April 15, 2021
(1) Samuel Christopher Montoya                    /s/ _____

                                           Magistrate Courtroom Deputy
Attorney at Law                                   (512) 916-5896  Ext.

cc:     U.S. Probation
         U.S. Pretrial Services
         U.S. Clerk
         U.S. Attorney

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

USA

v.

(1) Samuel Christopher Montoya

Case Number:   AU:21-M -00325(1)

Charging District's Case No.: 1:21-mj-365

### Waiver of Rule 5 & 5.1 Hearing
(Complaint/Indictment)

I understand that I have been charged in another district,  the District of Columbia.

I have been informed of the charges and of my rights to:

 (1)  retain counsel or request the assignment of counsel if I am unable to retain counsel;

 (2)  an identity hearing to determine whether I am the person named in the charges;

 (3)  production of the warrant, a certified copy of the warrant, or a reliable electronic copy of either;

 (4)  a preliminary hearing to determine whether there is probable cause to believe that an offense has been committed, to be held within 14 days of my first appearance if I am in custody and 21 days otherwise, unless I have been indicted beforehand.

 (5)  a hearing on any motion by the government for detention;

 (6)  request transfer of the proceedings to this district under Fed. R. Crim. P. 20, to plead guilty.

I agree to waive my right(s) to:

 (   )  an identity hearing and production of the warrant.

 (   )  a preliminary hearing.

 (   )   a detention hearing.

 (   )  an identity hearing, production of the warrant, and any preliminary or detention hearing to which I may be entitled in this district. I request that any preliminary or detention hearing be held in the prosecuting district, at a time set by that court.

I consent to the issuance of an order requiring my appearance in the prosecuting district where the charges are pending against me.

_____
(1) Samuel Christopher Montoya, *Defendant*

_____
*Date*

_____
*Counsel for Defendant*

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| United States of America | § | |
| | § | |
| vs. | § | NO:   AU:21-M -00325(1) |
| | § | |
| (1) Samuel Christopher Montoya | § | |

# ORDER RESETTING PRELIMINARY HEARING BY VIDEO

IT IS HEREBY ORDERED that the above entitled and numbered case is RESET for **PRELIMINARY HEARING BY VIDEO** on **Wednesday, May 05, 2021 at 2:00 PM by videoconference** *before UNITED STATES MAGISTRATE JUDGE SUSAN HIGHTOWER*, in Courtroom No. 6 on the Sixth Floor of the United States Courthouse, 501 West Fifth Street, Austin, Texas.

IT IS FURTHER ORDERED that the Clerk of Court shall send a copy of this order to the defendant, counsel for defendant, the United States Attorney, U.S. Pretrial Services, United States Probation Office, and any surety or custodian, if applicable. Further, counsel for the defendant shall notify the defendant of this setting.   The defendant shall be present if on bond.

IT IS SO ORDERED this **15th day of April, 2021.**

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE

United States District Court
Western District of Texas
Austin Division

United States of America,

    v.

Samuel Christopher Montoya
  Defendant.

No. 21-MJ-325

### Motion to Vacate Settings

The government respectfully submits this motion pursuant to Federal Rule of Criminal Procedure 5.1(a)(4) to vacate the preliminary hearing and all settings in the above-captioned matter because a misdemeanor information has been filed in the United States District Court for the District of Columbia.

The defendant was arrested in the Western District of Texas on or about April 13, 2021 pursuant to a warrant issued by the United States District Court for the District of Columbia. At his initial appearance in Austin, this Court set bail and scheduled a preliminary hearing for May 5, 2021. (Dkt. Nos. 3-5.) The defendant subsequently appeared before United States Magistrate Judge G. Michael Harvey, United States District Court for the District of Columbia, on April 19, 2021. 21-MJ-365 (D.D.C.). The defendant had not retained counsel at that time and the Federal Public Defender's Office represented him for purposes of that initial appearance only. No counsel has yet appeared on his behalf. Judge Harvey set a status hearing for ascertainment of counsel on May 3, 2021.

On April 30, 2021, the United States Attorney's Office for the District of Columbia filed an information charging the defendant with violations of 18 U.S.C. § 1752(a)(1) (entering and remaining in a restricted building), 18 U.S.C. § 1752(a)(2) (disorderly and disruptive conduct in a restricted building), 40 U.S.C. § 5104(e)(2)(D) (disorderly conduct in a Capitol building), 40 U.S.C. § 5104(e)(2)(E) (impeding passage through the Capitol grounds or buildings), and 40 U.S.C. § 5104(e)(2)(G) (parading, demonstrating, or picketing in a Capitol building)—all misdemeanors. 21-CR-336 (D.D.C.) (Bates, J.). A copy of the information is attached.

Under Federal Rule of Civil Procedure 5, the defendant is entitled to a preliminary hearing in this district "if required by Rule 5.1." Fed. R. Crim. P. 5(c)(3)(C). In relevant part, a defendant is entitled to a preliminary hearing under Rule 5.1 "unless . . . the government files an information charging the defendant with a misdemeanor[.]" Fed. R. Crim. P. 5.1(a)(4). The filing of the misdemeanor information has thus mooted the preliminary hearing scheduled in this district for May 5, 2021.

The government thus respectfully requests that this Court vacate all settings with respect to this defendant and transfer the case to the United States District Court for the District of Columbia. Because no counsel has yet appeared, the government by email will serve the Federal Public Defender's Office in this district and the District of Columbia as attorneys from those offices last represented the defendant.

Respectfully submitted,

Ashley C. Hoff
United States Attorney

By:   */s/ G. Karthik Srinivasan*
G. Karthik Srinivasan
Assistant United States Attorney
903 San Jacinto, Suite 334
Austin, Texas 78701
(512) 916-5858 (phone)
Karthik.Srinivasan@usdoj.gov

**Motion to Vacate**                                                                                                  **2**

**Certificate of Service**

I certify that on April 30, 2021, I electronically filed this document with the Clerk of Court using the CM/ECF system.

☒ I also certify that the government has e-mailed this document to the following:

Jesus Salinas, Esq. – Federal Public Defender's Office, Western District of Texas
Tony Miles, Esq. – Federal Public Defender's Office, District of Columbia

*/s/ G. Karthik Srinivasan*
G. Karthik Srinivasan
Assistant United States Attorney

**Motion to Vacate**                                                                                           **3**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO.** |
| | : | |
| **v.** | : | **MAGISTRATE NO. 21-MJ-365** |
| | : | |
| **SAMUEL CHRISTOPHER MONTOYA,** | : | **VIOLATIONS:** |
| | : | **18 U.S.C. § 1752(a)(1)** |
| **Defendant.** | : | **(Entering and Remaining in a Restricted** |
| | : | **Building)** |
| | : | **18 U.S.C. § 1752(a)(2)** |
| | : | **(Disorderly and Disruptive Conduct in a** |
| | : | **Restricted Building)** |
| | : | **40 U.S.C. § 5104(e)(2)(D)** |
| | : | **(Disorderly Conduct in a Capitol Building)** |
| | : | **40 U.S.C. § 5104(e)(2)(E)** |
| | : | **(Impeding Passage Through the Capitol** |
| | : | **Grounds or Buildings)** |
| | : | **40 U.S.C. § 5104(e)(2)(G)** |
| | : | **(Parading, Demonstrating, or Picketing in** |
| | : | **a Capitol Building)** |
| | : | |

Case: 1:21-cr-00336
Assigned To : Bates, John D.
Assign. Date : 4/30/2021
Description: INFORMATION (A)

## I N F O R M A T I O N

The United States Attorney charges that:

### COUNT ONE

On or about January 6, 2021, in the District of Columbia, **SAMUEL CHRISTOPHER MONTOYA**, did unlawfully and knowingly enter and remain in a restricted building and grounds, that is, any posted, cordoned-off, and otherwise restricted area within the United States Capitol and its grounds, where the Vice President and Vice President-elect were temporarily visiting, without lawful authority to do so.

(**Entering and Remaining in a Restricted Building**, in violation of Title 18, United States Code, Section 1752(a)(1))

## COUNT TWO

On or about January 6, 2021, in the District of Columbia, **SAMUEL CHRISTOPHER MONTOYA**, did knowingly, and with intent to impede and disrupt the orderly conduct of Government business and official functions, engage in disorderly and disruptive conduct in and within such proximity to, a restricted building and grounds, that is, any posted, cordoned-off, and otherwise restricted area within the United States Capitol and its grounds, where the Vice President and Vice President-elect were temporarily visiting, when and so that such conduct did in fact impede and disrupt the orderly conduct of Government business and official functions.

(**Disorderly and Disruptive Conduct in a Restricted Building**, in violation of Title 18, United States Code, Section 1752(a)(2))

## COUNT THREE

On or about January 6, 2021, in the District of Columbia, **SAMUEL CHRISTOPHER MONTOYA**, willfully and knowingly engaged in disorderly and disruptive conduct in any of the Capitol Buildings with the intent to impede, disrupt, and disturb the orderly conduct of a session of Congress or either House of Congress, and the orderly conduct in that building of a hearing before or any deliberation of, a committee of Congress or either House of Congress.

(**Disorderly Conduct in a Capitol Building**, in violation of Title 40, United States Code, Section 5104(e)(2)(D))

## COUNT FOUR

On or about January 6, 2021, in the District of Columbia, **SAMUEL CHRISTOPHER MONTOYA**, willfully and knowingly obstructed, and impeded passage through and within, the United States Capitol Grounds and any of the Capitol Buildings.

(**Impeding Passage Through the Capitol Grounds or Buildings**, in violation of Title 40, United States Code, Section 5104(e)(2)(E))

2

## COUNT FIVE

On or about January 6, 2021, in the District of Columbia, **SAMUEL CHRISTOPHER MONTOYA**, willfully and knowingly paraded, demonstrated, and picketed in a Capitol Building.

(**Parading, Demonstrating, or Picketing in a Capitol Building**, in violation of Title 40, United States Code, Section 5104(e)(2)(G))

Respectfully submitted,

CHANNING D. PHILLIPS
Acting United States Attorney
D.C. Bar No. 415-793

By: _____
CANDICE C. WONG
D.C. Bar No. 990903
Assistant United States Attorney
Violent Crime and Narcotics Trafficking Section
555 4th Street, N.W., Room 4816
Washington, D.C. 20530
Telephone No. (202) 252-7849
Candice.Wong@usdoj.gov

3

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | 1:21-MJ-00325-SH |
| | § | |
| SAMUEL CHRISTOPHER MONTOYA | § | |
| | § | |

## O R D E R

Before the Court is the Government's Motion to Vacate Settings, filed April 30, 2021 (Dkt. 6).

Defendant was arrested pursuant to a Criminal Complaint from the United States District Court for the District of Columbia. Dkt. 1. Following an initial appearance, a preliminary hearing was set for May 5, 2021 at 2 p.m. Dkt. 5.

The Government now moves to vacate the preliminary hearing and transfer this case to the United States District Court for the District of Columbia. On April 30, 2021, the United States Attorney's Office for the District of Columbia filed an Information charging the Defendant with five misdemeanors. Dkt. 6 at 1. A copy of the Information is attached to the Motion. Dkt. 6-1. The Government argues that the filing of the misdemeanor information has mooted the preliminary hearing pursuant to Fed. R. Crim. P. 5.1(a)(4), which provides in relevant part that "a magistrate judge must conduct a preliminary hearing unless . . . the government files an information charging the defendant with a misdemeanor."

Having considered the Motion and finding good cause therefor, the undersigned Magistrate Judge hereby **GRANTS** the Motion to Vacate Settings (Dkt. 6). It is **ORDERED** that the preliminary hearing set for Wednesday, May 5 at 2 p.m. is **VACATED**.

**IT IS FURTHER ORDERED** that this case is **TRANSFERRED** to the United States District Court for the District of Columbia. Defendant is **ORDERED TO APPEAR** in the district court where the charges are pending to answer those charges.

**SIGNED** on April 30, 2021.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE